# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10442
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Burney,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-304-3

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

David Burney, federal prisoner # 39054-177, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We review the denial of such a motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

Burney argues that the district court erred in determining that a sentence reduction was not warranted based on the court's consideration of the sentencing factors in 18 U.S.C. § 3553(a). He contends that he is not violent and that he is not a threat to public safety. He asserts that his good prison record, low risk of recidivism, and post-sentencing rehabilitative efforts should be considered in the Section 3553(a) analysis. Burney also argues that his health and medical needs can be better handled if he is released to home confinement.

In determining that the Section 3553(a) factors did not weigh in Burney's favor, the district court considered "all the relevant information" in the record. The district court specifically took into account the facts and circumstances of Burney's drug conspiracy offense, noting that firearms and imported methamphetamine were involved, and that Burney committed the offense while on supervised release. It determined that Burney had only served 25 percent of his sentence and that Burney had been granted a downward departure at his original sentencing. Burney's arguments amount to a mere disagreement with the district court's balancing of the sentencing factors, which does not warrant reversal. *See Chambliss*, 948 F.3d at 694.

Burney also mounts an attack on the factual underpinnings of the district court's Section 3553(a) analysis. However, contrary to Burney's contentions, he was on supervised release when he committed his drug conspiracy offense, as the district court correctly found. Further, Burney's allegation that he had actually served 28.9 percent of his sentence, rather than 25 percent as stated by the district court, is not supported by the present record. Burney fails to show a clearly erroneous assessment of the evidence by the district court. *See id.* at 693.

Finally, Burney argues that the district court erred by basing the denial of compassionate release on facts set forth in the Presentence Report that he

did not admit. Caselaw regarding motions for sentence reductions based on retroactive Guidelines amendments, which is instructive in the compassionate release context, *see Chambliss*, 948 F.3d at 693, supports that the district court did not err in considering the Presentence Report's factual statements. For example, the Supreme Court held that proceedings under 18 U.S.C. § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. *Dillon v. United States*, 560 U.S. 817, 828 (2010). Burney fails to demonstrate an abuse of discretion. *See Chambliss*, 948 F.3d at 693.

Because we have determined that the district court did not abuse its discretion in concluding that the Section 3553(a) factors weighed against a reduction in Burney's sentence, we need not consider Burney's assertion that the district court erred in determining that he failed to establish extraordinary and compelling reasons for a sentence reduction. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

AFFIRMED.